

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

November 5, 1973

The Honorable J. W. Edgar
Commissioner of Education
Texas Education Agency
201 E. Eleventh Street
Austin, Texas 78701

Dear Commissioner Edgar:

Opinion No. H- 144

Re: Whether an institutional inde-
pendent school district and its
average daily attendance must
be considered in determining
eligibility for incentive aid
under the Education Code

You have requested the opinion of this office on the following question:

Should an institutional independent school
district, such as Boys Ranch, and its average daily
attendance (hereinafter, ADA) be considered in cal-
culating what constitutes "a majority of the children
in average daily attendance in the county containing
the majority of the land area involved in the reorgani-
zation, " in determining a newly consolidated district's
eligibility for incentive aid payments under Sections
23.991 through 23.999 of the Education Code?

Subchapter 23(G) of the Education Code, dealing with incentive aid
payments to independent school districts, was added to the Code in 1971
(Acts 1971, 62nd Leg., p. 3013, ch. 994). Generally it provides for finan-
cial aid to new districts created through consolidation of older ones in
retiring existing bonded indebtedness of the older districts or to be used
for constructing new buildings.

Section 23.993 provides:

"The new district created through consolidation
shall contain not fewer than 750 children in average
daily attendance or <u>a majority of the children in aver-</u>

p. 680

age daily attendance in the county containing the
majority of the land area involved in the reorgan-
ization." (Emphasis added)

The facts which you have submitted to us are that the Vega Independent
School District and the Wildorado Independent School District, both located
within Oldham County, contemplate a consolidation of their districts.  Three
other school districts have territory located in Oldham County.  You advise
that these five districts and their ADA figures are:

|    |              |     |
|----|--------------|-----|
| 1. | Vega         | 453 |
| 2. | Wildorado    | 60  |
| 3. | Adrian       | 150 |
| 4. | Channing     | 0   |
| 5. | Boy's Ranch  | 392 |

Channing Independent School District is a county-line district under the
jurisdiction of Hartley County (See § 19.101, Education Code), and probably has
no students from Oldham County.  The Boy's Ranch District is a so-called
"institutional" independent school district created in 1942 pursuant to Article
2666, V. T. C. S., which has since been repealed.  But see § 2.10, Education
Code, V. T. C. S.

Assuming that the ADA of the children in all of the districts is counted,
the total would be 1055, and a majority of the children in ADA would be 528.
However, if Boys Ranch School District is not included, the total ADA would
be 663 of which a majority of children in ADA would be 332.  The total ADA
of Vega Independent School District and Wildorado Independent School District
is 513.  Therefore, if the Boys Ranch School District is included in the ADA,
and based on the figures you have furnished, the newly consolidated district,
having fewer than 750 children in ADA, will miss having the required "majority
of the children in average daily attendance in the county" by 15 at this time.

There is no exclusion of those children in the ADA who are in "institutional" independent school districts from the calculations required by § 23.993. We construe "children" to include all of those in ADA in the county. Therefore, under the facts you have submitted to us, it is our opinion that the proposed consolidated school district does not at this time have sufficient children in ADA to be eligible to receive incentive aid payments under the provisions of the Education Code.

## SUMMARY

The average daily attendance of children in a
so-called institutional independent school district
located within a county must be considered in cal-
culating what constitutes "a majority of the children
in average daily attendance in the county" in order
to determine if a consolidated district is to receive
incentive aid payments under the provisions of
§ 23.993 of the Texas Education Code, V. T. C. S.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee